IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RICHIE KENNEDY,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| ] | |
| vs. ] | Case No: |
| ] | |
| **JIM STEVENS REALTY & AUCTION** ] | |
| **ASSOC., LLC** ] | |
| ] | |
|     **Defendant.** ] | |

## COMPLAINT

Comes now the Plaintiff, RICHIE KENNEDY, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

### NATURE OF SUIT

1. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half his regular rate of pay for all hours worked within a workweek in excess of forty hours. This is an action under the Fair Labor Standards Act

of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid overtime work and liquidated damages that he was deprived of due to Defendant's violations of the Fair Labor Standards Act.

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. The acts complained of took place in Davidson County, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, RICHIE KENNEDY, is a former employee of JIM STEVENS REALTY & AUCTION ASSOC., LLC ("Defendant Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

6. The Defendant, JIM STEVENS REALTY & AUCTION ASSOC., LLC is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

7. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

8. Defendant has done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

9. The Plaintiff is engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of his employ with Defendant.

## FACTUAL ALLEGATIONS

10. Plaintiff is a resident of the State of Tennessee, residing in Madison County.

2

Case 3:14-cv-01475   Document 1   Filed 07/21/14   Page 2 of 6 PageID #: 2

11. Plaintiff worked for Defendant Employer as a general "handy-man" performing general home repairs for Defendant.

12. Plaintiff was employed from April 27, 2012 through February 28, 2014.

13. Plaintiff's job duties consisted of plumbing, painting, and hanging drywall.

14. Plaintiff's hourly wage started out at $12.00 per hour for work performed, was increased to $13.00 per hour and, at the time he was terminated, was $14.00 per hour.

15. These pay rates were determined by the Defendant alone and Plaintiff had no option to negotiate a higher pay rate.

16. Plaintiff's regularly scheduled hours were from 7:00 a.m. to 4:00 p.m. Monday-Friday for a total of forty-five (45) hours per week.

17. Due to the demands of his job Plaintiff was occasionally required to stay beyond 4:00 p.m. in order to complete his tasks.

18. Plaintiff was also required to work weekends periodically to meet the high demands placed upon him.

19. When Plaintiff inquired about being paid overtime for these hours, Defendant attempted to have Plaintiff sign a document stating Plaintiff would work overtime hours for Plaintiff's standard rate of pay.

20. Two days after inquiring about additional overtime wage for hours worked in excess of forty (40) hours in one work week, Plaintiff was terminated.

21. Plaintiff was not paid an additional overtime wage for hours worked in excess of forty (40) hours in one work week.

22. Defendant was responsible for the "quality control" of the work of the Plaintiff.

23. Plaintiff did not advertise his services through any other means; he completely relied on Defendant for work assignments.

24. Plaintiff performed routine assignments for the Defendant, assignments which required little training.

25. Plaintiff would arrive at Defendant's shop at 7:00 a.m. and Defendant would provide transportation to the work assignments.

26. Plaintiff did not control the route or location of where the work was to be performed.

27. Plaintiff did not have the authority to select or hire helpers or co-workers.

28. Defendant supplied Plaintiff with assignments and the manner in which to complete the assignments each day.

29. All necessary equipment required to perform the work, excluding basic equipment which Plaintiff already possessed, was provided by Defendant.

30. Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

31. Plaintiff did not supervise any other employees.

32. Plaintiff did not have the authority to terminate the employment of other employees.

33. Plaintiff did not have the authority to handle any employee grievances or complaints.

34. Plaintiff did not have the authority to interpret, implement, or enforce company policies.

35. Plaintiff did not make more than $100,000.00 annually.

36. Plaintiff's job did not involve the exercise of discretion and independent judgment with respect to matters of significance.

37. Plaintiff was not allowed to make any decision regarding monies collected or spent on behalf of Defendant.

38. Plaintiff did not have the authority to bind the company contractually with any party.

39. The Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the overtime hours worked by the Plaintiffs.

### COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT- OVERTIME

40. Plaintiff hereby re-alleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendant willfully failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time they worked for Defendant. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 USC §216(b).

42. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

### COUNT II- VIOLATION OF THE FAIR LABOR STANDARDS ACT- WRONGFUL TERMINATION

43. Plaintiff hereby re-alleges paragraphs 1-42 as though fully set forth herein.

44. Defendant terminated Plaintiff for providing information and/or objecting to Defendant's failure to pay overtime he was owed under the Fair Labor Standards Act. 29 USC 215 (a)(3).

45. Plaintiff had a reasonable basis to have good faith belief the statute was violated.

46. Plaintiff raised the issue to his employer and was subsequently terminated as a result in violation of the act.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) all amounts of wages, including overtime, earned by Plaintiff;

(4) attorney fees, interest and costs; and

(5) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC,**

**/s/ JONATHAN A. STREET**
**JONATHAN A. STREET, BPR No. 021712**
Attorney for Plaintiff
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930